242

ABINGTON MEMORIAL
HOSPITAL, et al.

v.

HECKLER, Margaret M., Secretary of the
Department of Health and Human Ser-
vices and Davis, Carolyne K., Adminis-
trator Health Care Financing Adminis-
tration.

MEMORIAL OSTEOPATHIC
HOSPITAL, et al.

v.

HECKLER, Margaret M., Secretary of the
Department of Health and Human Ser-
vices and Davis, Carolyne K., Adminis-
trator, Health Care Financing Adminis-
tration.

ALLEGHENY GENERAL
HOSPITAL, et al.

v.

HECKLER, Margaret M., Secretary of the
Department of Health and Human Ser-
vices and Davis, Carolyne K., Adminis-
trator Health Care Financing Adminis-
tration.

Margaret M. Heckler, et al., Appellants.

No. 84–1079.

United States Court of Appeals,
Third Circuit.

Argued Nov. 29, 1984.

Decided Dec. 13, 1984.
As Amended Jan. 21, 1985.

Rehearing and Rehearing In Banc
Denied Feb. 14, 1985.

Katherine S. Gruenheck (argued), Anthony J. Steinmeyer, Robert V. Zener, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Edward S.G. Dennis, Jr., U.S. Atty., Philadelphia, Pa., for appellants.

Jane D. Elliott (argued), Roland Morris, David E. Loder, Duane, Morris & Heckacher, Philadelphia, Pa., for appellees.

Leonard C. Homer, Margaret M. Manning, Carel T. Hedlund, Ober, Kaler, Grimes & Shriver, Baltimore, Md., for amici curiae Florida Hospital Ass'n, North Carolina Hospital Ass'n, Ohio Hospital Ass'n, Virginia Hospital Ass'n.

Before HUNTER and WEIS, Circuit Judges, and COHEN,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This appeal arises from an order invalidating a regulation promulgated under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.* (1982) ("the Medicare Act"). The regulation in question governs the reimbursement of malpractice insurance premiums associated with the care of Medicare patients to health-care providers. 42 C.F.R. § 405.452(a)(1)(ii) (1983) ("the Malpractice Rule"). Subject matter jurisdiction in this court is based on 42 U.S.C. § 1395oo(f)(1) (1982), and our review is governed by the principles of the Administrative Procedure Act, 5 U.S.C. § 706 (1982). For the reasons stated below, we affirm, and adopt the reasoning and opinion of the district court. 576 F.Supp. 1081 (E.D.Pa. 1983).[1]

## I.

When promulgated in 1979, the Malpractice Rule completely altered the method by which health-care providers were reimbursed for malpractice insurance premiums associated with the care of Medicare patients. Prior to 1979, malpractice insurance costs were lumped together with all general and administrative costs, and the amount of reimbursement for general and administrative costs was calculated by multiplying the total costs by the percentage utilization rate of Medicare patients. App. at 76–77. Thus, if Medicare patients utilized fifty percent of a health-care provider's beds, the federal government would reimburse the health-care provider for fifty percent of its total general and administrative costs, including malpractice insurance costs.

Under the new Malpractice Rule, reimbursement for malpractice insurance costs is not tied to utilization rates, nor are such costs included in the category of general and administrative costs. Rather, reimbursement of malpractice insurance costs is based on the health-care provider's past claims history with Medicare patients, or, if no history exists, on the national ratio of malpractice awards paid to Medicare beneficiaries to malpractice awards paid to all patients. 42 C.F.R. § 405.452(a)(1)(ii) (1983).

The district court below found this new regulation to be invalid on three grounds: (1) because the Malpractice Rule was promulgated in violation of the notice and comment procedures of 5 U.S.C. § 553 (1982); (2) because the rule is arbitrary, capricious, and an abuse of the Secretary of Health and Human Services' discretion, and is thus substantively invalid under 5 U.S.C. § 706(2)(A) (1982); and (3) because the rule is in conflict with section 1395x(v)(1)(a) of the Medicare Act. We find the reasoning and holding of the district court to be persuasive, and thus adopt the opinion below. We will, however, address the arguments of the parties and

---

* Honorable Mitchell H. Cohen, United States District Judge for the District of New Jersey, sitting by designation.

1. Although it appears that we are the first court of appeals to address this issue, we note that the District of Columbia Court of Appeals has recently remanded for procedural reasons a case involving this same issue. *Walter O. Boswell Memorial Hospital v. Heckler,* 573 F.Supp. 884 (D.D.C.), *remanded,* 749 F.2d 788 (D.C.Cir.1984).

amici as to the appropriate remedy in this case.

## II.

The district court's order provides that "[p]laintiffs' appeals are remanded to the Provider Reimbursement Review Board for such further proceedings as may be required by and appropriate under 42 U.S.C. § 1395oo." App. at 32. The Secretary contends that the appropriate remedy is to remand to her for further rule-making procedures, because any other remedy would unlawfully deprive the Secretary of her exclusive authority to choose reimbursement methods. Appellants' Reply Brief at 20–21 n. 13. We find the Secretary's arguments unpersuasive.

■ First, and contrary to the Secretary's contention, the district court did not find that the prior method of reimbursement was invalid.[2] Thus, until rendered invalid by a court decision or replaced by a valid new regulation, the prior method of reimbursement remains operative. *See, e.g., Action on Smoking and Health v. CAB*, 713 F.2d 795, 797 (D.C.Cir.1983) (recognizing that vacating or rescinding invalidly promulgated regulations has the effect of reinstating prior regulations). Indeed, because the Malpractice Rule was promulgated as an exception to the general rule of utilization-approach reimbursement, invalidating the exception leaves only the general rule. This result is also consistent with our statutory authority under the Administrative Procedure Act, which envisions the vacation of unlawfully promulgated regulations. 5 U.S.C. § 706(2) (1982). ("The reviewing court shall ... hold unlawful and *set aside* agency action ...") (emphasis added). Our decision today, therefore, has the effect of reinstituting the utilization approach to malpractice insurance cost reimbursement unless and until the Secretary promulgates a valid alternative regulation. *See, e.g., Northwest Hospital, Inc. v. Hospital Service Corp.*, 687 F.2d 985 (7th Cir.1982) (allowing hospital reimbursement under general rule after invalidating exception).[3]

■ The specific relief in this case, however, is limited to the individual claims of appellees for reimbursement that were considered by the Provider Reimbursement Review Board. Section 405(h) of the Social Security Act, 42 U.S.C. § 405(h) (1982), as incorporated into the Medicare Act by 42 U.S.C. § 1395ii (1982), removes from the federal courts any jurisdiction over claims arising under the Medicare Act for reimbursement, except to the extent allowed in 42 U.S.C. § 1395oo(f) (1982). *See, e.g., National Association of Home Health Agencies v. Schweiker*, 690 F.2d 932, 936–38 (D.C.Cir.1982), *cert. denied*, 459 U.S. 1205, 103 S.Ct. 1193, 75 L.Ed.2d 438 (1983); *Hadley Memorial Hospital, Inc. v. Schweiker*, 689 F.2d 905 (10th Cir.1982). Section 1395oo of the Act establishes the Provider Reimbursement Review Board as the forum of first resort, and requires exhaustion of one's remedies there before court review is appropriate. 42 U.S.C. § 1395oo (1982). In this case, those exhaustion requirements were met only for the fiscal year ending June 30, 1980. App. at 9. Thus, the specific relief of our decision is limited to remanding to the Provider Reimbursement Review Board, with the instruction that appellees be awarded reimbursement in accordance with our decision, for malpractice insurance costs incurred during the fiscal year ending June 30, 1980. The judgment of the district court will be affirmed.

---

2. Instead, the court merely noted that *the Secretary* believed that the prior regulation was invalid because the utilization approach forced the Medicare program to pay a disproportionate amount of malpractice costs. App. at 38.

3. The delay already present in this case also informs our decision not to remand for further rulemaking. Plaintiffs seek reimbursement for the 1979–80 fiscal year, and have already waited almost five years for a final determination. It would be inequitable to allow the Secretary to delay further, by second-chance rulemaking, reimbursement payments owed to the hospitals and health-care providers.